Opinion of
the Court.
Jonas Courtney and Richard Purcel exhibited their bill, alleging that Andrew Scott had purchased the half of two lots and an acre of ground in Hopkinsville, and received a conveyance from the vender, to whom he executed his notes for the price, with the complainants as his securities; that conceiving themselves in danger, they applied to Scott a short time thereafter, and that he executed to them a writing to the following effect:
“ Whereas Richard Purcel and Jonas Courtney stand bound with me in two notes of $300 each, one due the 1st of June, 1816, and the other due the 1st of June, 1817, to William Murrey, for the half of two certain lots lying and being in Hopkinsville, conveyed as aforesaid, and designated on the plan of said town by Nos. 13 and 14, that is, the south-westwardly half of said lots, and one acre of ground lying opposite Benjamin T. Wood’s lot, where he now lives, conveyed to me the 23d May, as aforesaid; and in case I fail to pay said $600, I do bind myself, my heirs, &c. to convey to said Courtney and Purcel, the aforesaid parts of lots and acre of ground. In witness whereof, I have hereto set my hand, June the 21st, 1815. Andrew D. Scott.”
They charge that Scott has absconded and left the state, and that he held no other estate than the lots in question; that they had been sued one of the notes, *458 and after judgment they had replevied the demand, and would shortly have to pay the other note; and they express fears, that Scott might convey away the lots to their prejudice. They, therefore, prayed for and obtained an injunction, and, also, asked for a conveyance and general relief.
By an amended bill, they allege a full payment of the two notes, made by execution after the debts had been replevied, and exhibit the executions which prove the fact of payment. They also charge, that since filing the original bill, Henry L. Cartright had gone to Scott with a full knowledge of their claim, and by false representations, procured from him a conveyance of the said lots, and that Cartright has sold them to James H. M’Laughlin.
Cartright and M’Laughlin both answer, and admit notice; but they insist that the writing executed by Scott to the complainants, was only given as a security or mortgage, and Cartright professes his readiness to discharge it by paying the money, and alleges that he had paid $172 thereof to the sheriff, and exhibits a receipt to that effect. He moreover alleges, that he bought the lots of Scott at the request of the complainants; but of this he produces no proof, nor were there any depositions taken in the cause.
The court below treated the writing held by the complainants as a security or mortgage, and directed by its decree, if the money was not paid on or before a given day, that so much of the lots should be sold as would be sufficient to satisfy them; and from that decree, the complainants have appealed to this court.
It is contended on the part of the complainants, that the circuit court erred in not decreeing to them an absolute conveyance, instead of directing a sale of the lots in question.
As Cartright and M’Laughlin purchased with notice of the complainants’ claim, the legal title must be in the hands of the former, subject to the claim of the latter, of whatever nature it may be. If, therefore, the writing under which the complainants claim, was given by Scott as the evidence of a sale, upon the condition of his failing to pay the money for which the complainants had become his securities, they were entitled to a decree for a conveyance, and the sale of the lots was improperly directed *459 by the circuit court; but if, on the contrary, the writing was only intended as a security or indemnity to the complainants, it is clear that they can have no just cause to complain of the decree.
That there was no sale, in fact, by Scott to the complainants, and that the writing executed by him to them was only intended to secure and indemnify them, we think, is obviously deducible from the nature of the transaction. There is no mutuality or reciprocity of stipulation between the parties to that transaction. On the part of the complainants, there was nothing at the time done, and nothing was stipulated by them to be done, as the consideration of the writing given by Scott; they did not even bind themselves to pay the money in case of his failure, or to discharge or release him from his obligation to do so. The only stipulation entered into, was on the part of Scott, and it is apparent, that his only inducement or motive for entering into that stipulation, was, to secure or indemnify the complainants. If, therefore, they are secured or indemnified, the object of the parties is attained, and the complainants can have no right to demand more.
A majority of the court are of opinion that the decree must be affirmed.